UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
----------------------------------------------------
In re

    PATRICIA M.  JONES                       15-10611 B


                Debtor                   DECISION & ORDER
----------------------------------------------------

                    Thomas A.  Dorey, Esq.
                    P.O. Box 247
                    Lakewood, New York 14750
                    Trustee


Bucki, Chief U.S.B.J., W.D.N.Y.

      In this Chapter 7 proceeding, the case trustee seeks authorization to conduct the auction sale of an over-encumbered parcel of real property.  Relevant issues include whether such a sale is ever permitted, and if so, then with what limitations may the sale occur.

      Patricia M. Jones filed a petition for relief under Chapter 7 of the Bankruptcy Code on March 31, 2015.  In schedules filed with that petition, she acknowledged ownership of her residence at 21 Mapleview Avenue in Lakewood, New York.   Jones estimated the value of that property to be $110,000, but reported that it served as security for a note having an outstanding balance of more than $145,000.  Claiming no homestead exemption, Jones also stated an intent to surrender the property.

      In December of 2015, on notice to the debtor and her creditors, the Chapter 7 trustee filed motions seeking authorization to employ a listing agent and to conduct an internet auction of the real property at 21 Mapleview Avenue.   The trustee further requested that the sale be free and clear of all liens and encumbrances, with all liens to attach to the net proceeds of sale.   In his motion to authorize a sale, the trustee

represented that the first mortgagee had consented to a "carve out" arrangement, under which the bankruptcy estate would receive a minimum of $7,500 from the proceeds of sale. At a hearing on January 7, 2016, the court questioned its ability to approve a sale free of the interests of entities that did not expressly consent to the sale. The court reserved decision on the sale motion, which the trustee withdrew shortly after the hearing. Then on January 24, the trustee filed a new motion seeking similar authority to sell the property through means of an on-line auction. However, at a hearing on February 4, the trustee represented that the only liens of record were real estate taxes and the first mortgage. Again, the first mortgagee consented to the proposed auction. Nonetheless, the court reserved decision, in order to consider whether the trustee could appropriately administer assets that are fully encumbered.

Discussion

As a general rule, a bankruptcy trustee should not administer assets for the benefit of secured creditors. Under the Bankruptcy Act of 1867, an assignee in bankruptcy would perform many of the functions of a trustee appointed under the current code. In *Dudley v. Easton*, 104 U.S. 99, 103 (1881), the Supreme Court addressed the parameters of this fiduciary responsibility:

> "An assignee in bankruptcy represents the general or unsecured creditors, and his duties relate chiefly to their interests. He is in no respect the agent or representative of secured creditors, who do not prove their claims. He need not take measures for the sale of incumbered property, unless the value of the property is greater than the incumbrance. . . . Whatever the bankrupt could do to make the assigned property available for the general creditors he may do, but nothing more, except that he may sue for and recover that which has been conveyed away in fraud of the rights of creditors, and set aside all fraudulent preferences."

Under today's Bankruptcy Code, a Chapter 7 trustee is similarly constrained to avoid sales that merely accommodate the interests of secured creditors. Nonetheless, under special and narrowly defined circumstances, a trustee may appropriately sell over-encumbered property in ways that will benefit unsecured creditors.

Any administration of property in bankruptcy must aim to effect or enhance the prospects of a distribution on account of unsecured claims. For this reason, a trustee should generally not attempt to sell over-encumbered property for the benefit of a secured creditor or solely as a means to enhance the trustee's own compensation. An exception may arise, however, in situations where the sale of certain collateral might reduce the total of indebtedness that is secured by other collateral that the trustee might thereby sell for the benefit of the estate, or where the creditor consents to a carve-out from proceeds for the benefit of unsecured creditors. Thus, in *In re KVN Corp., Inc.*, 514 B.R. 1, 8 (9th Cir. BAP 2014), the court recognized a presumption against the trustee's sale of over-encumbered property, but noted that the presumption is rebuttable:

> "To rebut the presumption, the case law directs the following inquiry: Has the trustee fulfilled his or her basic duties? Is there a benefit to the estate; i.e., prospects for a meaningful distribution to unsecured creditors? Have the terms of the carve-out agreement been fully disclosed to the bankruptcy court? If the answer to these questions is the affirmative, then the presumption of impropriety can be overcome."

In the present instance, the trustee has fully disclosed the details of his proposed auction of the property at 21 Mapleview Avenue. In a supporting affirmation, the trustee reports that he "reviewed the tax implications of the proposed Sale and has determined that the proposed sale would not result in a capital gains tax event to the estate or other taxable event which will negate the benefit realized from the Carve Out." Taking into account his own fees and commissions, the trustee represents an expectation that the carve out will produce a meaningful distribution to unsecured creditors. Notably, the debtor has here claimed no exemption that would dissipate that distribution. Because the proposed auction appears to advance the trustee's fundamental obligation to maximize a return to unsecured creditors, the trustee has overcome any presumption against the propriety of selling over-encumbered property. Still, the sale must otherwise satisfy the limitations of the Bankruptcy Code, particularly with regard to a sale of property under 11 U.S.C. § 363.

Section 363(f) of the Bankruptcy Code specifies the limited circumstances under which a trustee may sell property free and clear of other liens, encumbrances and interests:

> "The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if –
> (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
> (2) such entity consents;
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
> (4) such interest is in bona fide dispute; or
> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest."

The debtor in the instant case filed schedules indicating that the property on Mapleview Avenue was encumbered by real estate taxes and the first mortgage of Nationstar Bank. With regard to taxes, the proposed sale would satisfy the mandate of section 363(f)(3), in as much as the proposed terms of sale contemplate that bidding would commence at a price greater than the outstanding governmental claim. Meanwhile, by consenting to the proposed sale, the first mortgagee has satisfied the requirement of section 363(f)(2). However, in its initial motion, the debtor sought further authority to sell the property "free and clear of all liens, claims, encumbrances and interests." Presumably, the debtor intended that these would include interests not specified in the debtor's schedules or otherwise identified.

Section 363 does not operate as a substitute for careful examination of title. Without knowing the identity of every interest from which the proposed sale would be freed, the court was unable to confirm whether the trustee's initial motion could satisfy the requirements of subdivisions (1), (3), (4) or 5 of section 363(f). Otherwise, the trustee must rely on the consent provisions of section 363(f)(2). We recently held, however, that this subdivision "requires a consent that is expressed and not merely implied." *In re Arch Hospitality, Inc.*, 530 B.R. 588, 591 (Bankr. W.D.N.Y. 2015). For this reason, this court

was disinclined to grant the trustee's initial motion to authorize a sale free and clear of every interest, whether identified or not.

At the hearing on his revised motion, the trustee informed the court that he now seeks authorization for a sale free and clear only of the interests of taxing authorities and the first mortgagee. Because tax liens will attach to proceeds that exceed tax claims, the taxing authorities can anticipate payment in full. Meanwhile, the first mortgagee has consented to the proposed arrangement. Accordingly, 11 U.S.C. § 363(f) now imposes no barrier to the proposed auction.

## Conclusion

For the reasons stated herein, the court will grant the trustee's motions to appoint a listing agent and to sell the real property at 21 Mapleview Avenue by means of an auction sale, with all outstanding liens to attach to proceeds other than the amount of carve-out to which the first mortgagee has consented. The court has no aversion to an on-line auction, but believes that in this instance, the trustee and listing agent should exercise their sound discretion in setting terms, conditions and procedures that are consistent with this decision and with the dictates of the Bankruptcy Code.

So ordered.

Dated:    Buffalo, New York       /s/    CARL L. BUCKI
          April 15, 2016        Hon. Carl L. Bucki, Chief U.S.B.J., W.D.N.Y.